IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HILDA L. SOLIS, )<br>            )<br>    Petitioner, )<br>            )<br>    v. )<br>            )<br>LUNSFORD ARCHITECTS & ENGINEERS, )<br>INC. )<br>            )<br>    Respondent. ) | Case No. 3:09-cv-861-MJR-DGW |

**ORDER**

On December 13, 2010, the Court ordered Respondent Lunsford Architects & Engineers, Inc., to produce documents requested under an administrative subpoena issued by the Department of Labor by January 7, 2011 (Doc. 20). On January 10, 2011, Petitioner, Hilda L. Solis, Secretary of the Department of Labor, informed the Court that Respondent Lunsford Architects & Engineers, Inc. had not produced any documents as ordered.

Because Respondent Lunsford Architects & Engineers, Inc. has failed to produce the documents under the Court's simple and straightforward order, the litigation must proceed and the Court must call upon the harsher mechanisms provided in the Federal Rules and Statutes to ensure compliance with the administrative subpoena.

It is a well-settled rule of law, however, that a corporation must be represented by counsel and cannot appear *pro se*. *See Rowland v. California Mens Colony, Unit II Mens Advisory Council*, 506 U.S. 194, 202 (1993); *Old Ben Coal Co. v. Office of Workers' Compensation Programs*, 476 F.3d 418, 418-19 (7th Cir. 2007); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985). Incorporation provides advantages, but comes with responsibilities. Among the burdens of incorporation is that a corporation "may appear in federal court only through a licensed

attorney." *Franko v. All About Travel, Inc.*, Case No. 2:09-CV-233-TS, 2009 WL 3569042 (N.D. Ind. October 27, 2009) (quoting *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d. Cir. 2007)).

## DISPOSITION

Accordingly, it is hereby **ORDERED** that Respondent Lunsford Architects & Engineers, Inc. shall retain counsel.  Counsel shall enter an appearance in the matter on behalf of Respondent within thirty days, that is, by **February 11, 2011**.  Failure to comply with the Court's order may result in sanctions or a recommendation of sanctions pursuant to Fed. R. Civ. P. 37(b).

**IT IS SO ORDERED.**

DATED:   January 12, 2011

                                                s/ *Donald G. Wilkerson*
                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**